IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ERIC FLORES,**

    **Plaintiff,**

v.                                            Case No. 2:14-cv-03647

**UNITED STATES ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
and SIERRA MEDICAL CENTER,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the *pro se* plaintiff, Eric Flores's (hereinafter "Flores") Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Federal Tort Complaint Against Torture" (ECF No. 2). This civil action is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because Flores is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded

> factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A.  This Complaint is frivolous.

The plaintiff filed a Complaint identical to the instant Complaint on March 15, 2013.  (*Flores v. United States Attorney General et al.*, Case No. 2:13-cv-05324, ECF No. 2).  On May 13, 2013, the Honorable Thomas E. Johnston, who is also the presiding District Judge in the instant case, entered a Memorandum Opinion and Order dismissing the Complaint in Case No. 2:13-cv-05324 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  (*Id.*, ECF No. 6).  The Memorandum Opinion and Order noted that the plaintiff has filed the same or similar Complaints in at least 21 other federal district courts since October of 2012, and that the plaintiff has had monetary sanctions and filing restrictions imposed upon him in the Western District of Texas and the United States Court of Appeals for the Fifth Circuit, where this abusive and frivolous litigation apparently originated.  (*Id.* at 2).

The current Complaint filed by the plaintiff is an exact copy of the Complaint filed here on March 15, 2013.[1]  (Case No. 2:14-cv-03647, ECF No. 2).  However, with the second Complaint, the plaintiff has included a document entitled "Notice of Adjudicative Facts" (ECF No. 3), which consists of a one page summary stating that the plaintiff had filed a Motion to Transfer this case to the Multi-District Litigation Panel in Washington, DC., and a 25-page "Exhibit A," which is a copy of the "Motion to Transfer Multi-District Litigation to the District of Columbia Pursuant to 28 U.S.C. § 1407 for

---

[1] The Complaint documents contain no indication of the dates the Complaints were drafted or executed by the plaintiff.  Thus, the second Complaint is truly an identical copy of the first Complaint, with a different date stamp and case number placed on the document by the Clerk of Court.

Coordinated and Consolidated Pretrial Proceedings by Judicial Panel for Multi-District Litigation."

On April 1, 2014, the Judicial Panel on Multi-District Litigation issued an Order Denying Transfer. (ECF No. 5). Thus, this court may proceed to review the plaintiff's case.

As previously noted by the presiding District Judge in his Memorandum Opinion and Order dismissing Flores's prior Complaint, the 105-page Complaint entitled "Federal Tort Complaint Against Torture" attempts to obtain class certification for himself and a number of his living and deceased Mexican American relatives and friends, all of whom reside (or resided) in El Paso, Texas, to pursue relief under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 for "negligent tortious conduct" (ECF No. 2 at 5, *passim*). The Complaint also alleges that the defendants violated the purported class members' Eighth and Fourteenth Amendment rights. (*Id., passim*). The plaintiff was previously instructed that, because he is not an attorney, he may not represent a class of individuals, and a class action should not be certified when *pro se* litigants seek to represent the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). (Case No. 2:13-cv-05324, ECF No. 6 at 4).

As described in the presiding District Judge's prior Memorandum Opinion and Order:

> The Complaint alleges that "executive employees of the federal government that are persons of white American national origin whom reside in the geographic location of West Virginia [spelling correction made by the court] from where the complained about executive employees of the federal government used deadly technology to cause the wrongful death of" six deceased persons in the purported class. (ECF No. 2 at 9.) Flores's Complaint further alleges that:

4

>agents, officer[s], employees, or agencies [of the United States] are using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculating a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

>(*Id.* at 10-11.)  The Complaint states that the plaintiff "does not know the actual names of the complained about executive employees of the federal government . . . ." (*Id.* at 83). The Complaint further cursorily alleges that the named governmental entities should be held liable on the basis that the alleged constitutional violations have resulted from "governmental custom or practice." (*Id.* at 83-84).

>The remainder of the Complaint sets forth the alleged acts of "torture" hat each purported class member has endured.  Each purported class member has allegedly required medical treatment at the Sierra Medical Center in El Paso, Texas, which is also a named defendant in this civil action, and which Flores describes as a "Public Health Service covered entity." (*Id., passim*).

>Finally, the Complaint alleges that the unnamed "persons of white America national origin whom [sic; who] reside or [are] employed in the geographic location of West Virginia [spelling correction made by the court] further threaten to cause the death of the petitioner and his immediate relatives" in retaliation for the previous filing of a "Petition for a Writ of Certiorari" in the United States Supreme Court, seeking injunctive relief." (*Id.* at 94-97). The Complaint also seeks various forms of preliminary and permanent injunctive relief and requests that the court issue an Order to Show Cause requiring the Attorney General to respond to the allegations.

(Case No. 2:13-cv-05324, ECF o. 6 at 4-5).

This Complaint contains outrageous and unwarranted deductions of fact and is patently frivolous.  "A complaint such as this one that describes fantastic or delusional scenarios is subject to immediate dismissal." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court need not accept irrational and wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them).  However, his claim is "fantastical and delusional," and

5

has no arguable basis in fact. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint is frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

### B. This civil action is barred by res judicata.

Furthermore, because the plaintiff previously filed an identical Complaint against the same parties, the instant action is barred by res judicata. Under the doctrine of res judicata, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979); *Thomas v. Consolidation Coal Co.*, 380 F.2d 69 (4th Cir. 1967). As stated in Thomas:

> Res judicata is a broad, judicially-developed doctrine under which the courts have sought to deal with the problems posed by the effects, if any, of a prior judgment on subsequent litigation. "The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results."

380 F.2d at 77. Furthermore:

> The preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989), *quoting Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

There are three factors that must be present for res judicata to apply. There must be (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suits, and (3) an identity of parties or their privies in both

6

suits. *Id.* In the instant case, Plaintiff has raised the exact same claims and issues raised in Case No. 2:13-cv-05324, which was dismissed as being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A dismissal under 28 U.S.C. § 1915(e)(2)(B) constitutes a final decision on the merits to bar relitigation of the same claims. *See, e.g., Murray v. Reed*, 69 Fed. App'x 246, 247 (6th Cir. 2003) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) ("the previous dismissal as frivolous and for failure to state a claim barred this new complaint under the principles of res judicata."). Accordingly, there was a final judgment on the merits of the identical cause of action in a prior suit. There is also an identity of parties in both suits, as the plaintiff and the defendants are the same in both cases.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the three factors discussed above have been met and that the plaintiff's Complaint (ECF No. 2) is barred by res judicata.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), with prejudice, for being frivolous and as barred by the doctrine of res judicata. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion to Proceed Without Prepayment of Fees and Costs, but waive the applicable filing fee. Finally, it is respectfully **RECOMMENDED** that the presiding District Judge warn the plaintiff that the continued filing of frivolous and abusive actions in this court may result in the imposition of monetary sanctions and/or filing restrictions.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 23, 2014

Dwane L. Tinsley
United States Magistrate Judge